ORIGINAL

FILED

JAN 2 2008

U.S. COURT OF FEDERAL CLAIMS

## THE UNITED STATES COURT OF FEDERAL CLAIMS

Treslyn C. Patterson,
Complainant-Plaintiff

v.

Margaret Spellings,
Secretary,
Department of Education,
Agency-Defendant

§ § § § § § § § § §

Civil Action No. ________

08- 6 C

## PLAINTIFF'S ORIGINAL COMPLAINT

Complainant-Plaintiff Treslyn C. Patterson ("Patterson", "Complainant" or "Plaintiff") files this Complaint against Agency-Defendant Margaret Spellings, Secretary, Department of Education ("Agency", "Department", or "Defendant") and would show the Court the following:

## PARTIES

1. Patterson is a citizen of the State of Texas and the Plaintiff herein. She is employed by the Department of Education, Office of Civil Rights, in its Dallas office.

2. The Department of Education is the Defendant in this action. The Defendant can be served by sending a copy of the complaint to Defendant Margaret Spellings c/o Department of Education, Kent D. Talbert, Esq., General Counsel, Office of the General Counsel, 400 Maryland Ave., S.W., Room 6E300, Washington D.C. 20202.

## JURISDICTION AND VENUE

3. Jurisdiction of this matter lies under Section 501 of the Rehabilitation Act of the 1973, as amended 29, U.S.C.§791 *et seq*, Title III of the Civil Rights Act of 1964 as amended, 42 U.S.C § 2000e *et seq*., 42 U.S.C. §2000e-16(c), 29 C.F.R. §1614.407(a), 28 U.S.C. §1491(a)(1), and 28 U.S.C. §1346(a). Additionally, Plaintiff Patterson is bringing this civil action in the Court of Federal Claims because she is seeking damages in excess of $10,000.00 for the breach of Settlement Agreement against the Department of Education.

4. Venue is proper in the Court of Federal Claims in Washington.

## SETTLEMENT AGREEMENT BACKGROUND

5. On or about April 22, 2002, Patterson filed an action against the Department of Education, alleging that she had suffered discrimination in the workplace.

6. After protracted discovery and before an administrative hearing on the matter, the parties entered into settlement discussions and pursuant to a Settlement Agreement ("Settlement Agreement"), settled Patterson's outstanding claims against the Department.

7. The Settlement Agreement provided monetary damages and contained certain other provisions, only one of which is at issue in this action.

8. Under the terms of the Settlement Agreement, Patterson was to be promoted to grade 12. The settlement language, which is at issue states:

**"All standard operating procedures will apply to when and how the complainant will be eligible and considered for advancement to her next career ladder promotion to grade 12."**

9. Patterson was first eligible for promotion to grade 12 on January 26, 2004.

10. Paterson was not promoted to grade 12 on January 26, 2004. However, she did not complain to her supervisors then. It would only be after another year of Department excuses and its failure to promote her to grade 12 that she finally had no alternative but to file a complaint.

## PROCEDURAL HISTORY OF THIS APPEAL

11. Patterson had a pre-complaint meeting with her supervisor regarding the Department's failure to promote her to grade 12 on January 26, 2004. At that meeting it became apparent to Patterson that filing a complaint for breach of Settlement Agreement was the only way in which the Department would give her the promotion to which she was entitled.

12. Patterson filed her complaint for breach of the Settlement Agreement on February 3, 2005.

13. After her submission of the relevant facts and the opportunity for the Department to respond, the EEO group handed down a Final Agency Decision ("FAD") on March 16, 2005. That decision clearly stated that Defendant had breached the Settlement Agreement.

14. After the FAD was issued, the Plaintiff's attorney sent to the EEO group its request for attorney's fees in accordance with the decision and subsequent letter.

15. Sometime after the FAD was rendered, the EEO group, through Mr. James R. White, the EEO group director, told Patterson's attorney that the EEO group would rescind (reverse) the decision if Patterson did not settle for less than the FAD provided and without the other benefits provided by that opinion. Additionally, the proposed settlement agreement contained language which required Patterson to settle another claim unrelated to the breach of Settlement Agreement claim.

16. Having failed to force the Plaintiff to settle, the EEO group rescinded its FAD on June 24, 2005. In withdrawing its earlier decision, ***the EEO group chose not to decide whether or not the Department of Education had breached the Settlement Agreement.*** It took the position that it did not have the authority to issue a monetary award.

17. On July 13, 2005, Plaintiff filed an appeal of the Department's decision rescinding the FAD of March 16, 2005. Among other arguments, Plaintiff argued that she had no reason to know the FAD could be voided because it provided a monetary award.

18. On March 21, 2006, the EEOC issued its opinion denying the Plaintiff's appeal. On April 19, 2006, Plaintiff filed a Motion to Reconsider which the EEOC rejected on June 7, 2006. When it held that the Department of Education had not breached the Settlement Agreement, the EEOC directed Plaintiff to file her cause of action within 90 days of her receipt of the OFO's denial in the federal district where she lived and where the actions complained of arose.

19. On August 31, 2006, Patterson filed an action in the federal district court in Dallas, Texas as directed by the EEOC. However, the U.S. attorney's office immediately moved to have the case dismissed, claiming that the federal district court had no jurisdiction to hear this matter because it was an action for a breach of Settlement Agreement and could only be heard by the Court of Federal Claims in Washington.

20. The federal district court dismissed the case pursuant Rule 12b (2) for lack of subject matter jurisdiction and the United States Court of Appeals for the 5th Circuit upheld the dismissal and refused to transfer this action to the Court of Federal Claims. The 5th Circuit held that the Court of Federal Claims is the only forum where this breach of Settlement Agreement claim can be heard.

## THE SETTLEMENT AGREEMENT IS BREACHED

21. The Settlement Agreement does not specify a certain date for Patterson's promotion. However, this language is critical:

> **"All standard operating procedures will apply when and how complainant will be eligible and considered for her advancement to her next career ladder promotion to grade 12"**

22. Because no time is stated in the pertinent language, the correct time frame to examine whether the Agency breached the Settlement Agreement is not just the one date, January 26, 2004 (the earliest time Patterson could have been promoted), but any time prior to the time Patterson was actually promoted (March 6, 2005).

23. When Patterson filed her formal complaint on February 3, 2005, the Agency had failed to promote Patterson in accordance with the Collective Bargaining Agreement (CBA) rules (which delineate the standard operating procedures) on at least two occasions: September 29, 2004 and December 4, 2004, which was 15 days after November 19, 2004, when written certification was provided to the Director by the Complainant's supervisor. Each time she was unfairly denied promotion to grade 12.

24. Patterson filed this action only after repeated failures of the Agency to abide by and follow the CBA rules and regulations to promote her to grade 12.

25. Patterson believes that the Court must look at the CBA rules to fully understand the time and situation in which Patterson should have been promoted. The Agency's failure to follow the CBA requirements that delineate the Agency's standard operating agreements resulted in the Agency's violation of the Settlement Agreement. This, in turn, resulted in Patterson's promotion being unfairly delayed until March 2005.

26. Patterson believes that one must refer to and incorporate the standard operating procedures referred to in the CBA. The CBA details the reasons the Settlement Agreement has been breached.

27. Specifically, the CBA, at Article 18 "Career Ladder" requires in Section 18.05 that:

> If an employee has completed time-in-grade and qualifications requirements for a career ladder promotion, and the supervisor has not initiated action under Section 18.04(c), employee may request a determination from the supervisor as the whether the supervisor is prepared to recommend promotion. **The supervisor will inform the employee within thirty (30) calendar days after the employee has requested a determination of the action he/she intends to take.**
>
> (a) If **the determination is to recommend a promotion,** the supervisor shall promptly initiate the written certification required in Section 18.04(c) of this Article.
> (b) If **the determination is to not recommend a promotion,** the supervisor will promptly communicate to the employee the reason for non-promotion. If the employee requests, the reasons will be provided in writing. The employee may thereafter request a redetermination from the supervisor at 4-month intervals.

28. Patterson followed these guidelines precisely, but the Agency ignored them completely. The Agency acted as if the CBA rules did not apply to Ms. Patterson.

29. Section 18.04 of the CBA requires:

**Incumbent employees in career ladder positions below the full performance level will be promoted to the next higher level when:**

(a) The employee was initially selected through merit procedures, or a valid exception or exclusion to the merits of the procedures;

(b) The employee has met the necessary time-in-grade and qualifications requirement;

(c) **The first line supervisor provides written certification that:**

(1) The employee is performing at least at a Fully Successful level, has not received less than a "Fully Successful" rating on a critical element that is also critical to the performance at the next higher grade, **and has demonstrated the ability and readiness to perform at the next higher level; and**

(2) There is enough work in the unit at the next performance level for the employee to be promoted, and there is a continuing need for personnel at that grade level.

30. when Patterson's supervisor followed these rules on November 19, 2004 and provided written certification, recommending her promotion to grade 12, it was completely ignored. Patterson correctly followed these guidelines, but the Agency failed to follow the CBA rules.

31. Other pertinent sections:

(d) **Approvals and authorizations shall normally be provided by the principal's office within fifteen (15) working days of the supervisor's written certification.**

(f) While the Employer may not deny or delay a promotion for arbitrary or capricious reasons, operational circumstances reasonably related to the promotion or position may delay or preclude the promotion of employees who otherwise meet the eligibility requirements.

32. In conformity with CBA rules, Patterson sent an e-mail to her supervisor on or about August 30, 2004. In her e-mail, Patterson specifically followed the procedure outlined above. She formally informed her supervisor that she believed that she should be promoted to grade 12.

33. On August 30, 2004, the Complainant sent her supervisor an e-mail. The e-mail requested his determination in regarding her promotion as provided in Section 18.05

of the CBA. Her e-mail specifically detailed three complex cases (Witchita Falls, Socorro ISD, Paris ISD) the Complainant had performed that demonstrated her ability to perform at Grade 12. In addition, the complainant requested the supervisor provide her with the reasons why he was not recommending her promotion. This e-mail was deleted, unread, according to tracking information.

34. When Patterson received no response (verbal or written), on September 29, 2004, she sent another email to her supervisor advising him that the thirty (30) day period for his response to the August 30, 2004 e-mail (requesting his determination regarding her promotion) has expired. The complainant requested the supervisor take the action required in 18.04 (c) of the CBA or provide her with a written explanation of her non-promotion. The tracking information system showed this email read, however, again the Complainant received no response from her supervisor whatsoever and no action was by the supervisor with regard to her promotion.

35. It is Complainant's position that she had complied with the CBA rules and regulations when she sent both e-mails. At the time of the first e-mail, she had completed the requisite time in grade requirement and had also demonstrated that she was otherwise qualified to be promoted to grade 12 by the three complex cases she had successfully completed. However, she received no response from her supervisor, which itself was a violation of the CBA rules.

36. Although Patterson should have been promoted in September 2004, the Agency still failed to promote her for a second time on December 4, 2004. Here, again, she had been provided with a copy of the written certification from her supervisor that she was qualified, yet the Agency failed to promote her. This failure to promote Patterson was yet another violation of the CBA rules.

37. On November 18, 2004, Complainant sent her supervisor yet another e-mail, which clearly expressed her frustration with not having received any of the actions required from him by the CBA in regard to her promotion. In spite of the supervisor's previous verbal indication that he had taken action, obviously no action had been taken. Consequently, the Complainant advised the supervisor again to respond to her in writing so that she could seek informal resolution since she felt that no other alternative was available.

38. It was not until November 19, 2004 that the Complainant's supervisor provided written certification for the same three complex cases worked by the Complainant and clearly referenced in her e-mail to him requesting his determination as early as August 30, 2004. The CBA required the Complainant's supervisor to submit his written certification no later than September 30, 2004 or provide Complainant with written reasons for non-promotion as the Complainant's second e-mail, dated September 30, 2004, clearly requested. This was not done.

39. Although not stated in the CBA rules it is evident that there were rules in the Dallas office of the Agency used to determine whether a person could expect to be

promoted.[1] Patterson met those qualifications as of the time of her August 30, 2004 e-mail as well as all subsequent times at issue here.

40. The Complainant was not promoted in November 2004, even after her supervisor provided his written certification, as required by the CBA, and after all other requirements had been met. The Dallas Director, August Taylor, was totally misinformed when he indicated that the Complainant had completed only one additional complex case instead of two complex cases (Socorro ISD and Paris ISD) as clearly delineated in the supervisor's written certification to him.

41. The continued non-compliance by the agency, between November 2004 and March 2005, when the Complainant finally was promoted, (only after filing a breach of Settlement Agreement complaint), supports her position that she did not complete any additional complex cases that were not already included in her supervisor's certification in November 2004 and in her emails to him in August 2004. There was no justification for the additional time lapse of four (4) months. Moreover, there was no additional written certification by the supervisor provided in March 2005 that justified the additional delay for Patterson's promotion.

42. The Complainant believes that the agency breached the Settlement Agreement when her promotion was unfairly delayed from at least September 30, 2004, when the CBA required action, until she finally received it in March 30, 2005, but only after she had to file another complaint.

## CAUSE OF ACTION

## BREACH OF SETTLEMENT AGREEMENT

43. Patterson incorporates paragraphs 1-42 as if set out verbatim herein.

44. The Department of Education has breached the Settlement Agreement it entered with Patterson.

45. The Agency's failure to promote Patterson until she filed a complaint, unfortunately is the Agency's pattern of behavior to Patterson.

46. At the latest, Patterson should have been promoted no later than December 5, 2004, or at least 15 days after he had made his recommendation. That she failed to receive the promotion is yet again another instance of the Agency's failure to treat Patterson fairly even after she had entered into a Settlement Agreement with Agency in 2003.

---

[1] In an e-mail dated February 21, 2003, entitled "Expectations and Demonstration of Ability for EOS Grade 12", the Complainant's supervisor delineated the requirements to be promoted to grade 12 after Complainant received her promotion to grade 11. The e-mail clearly established that the standard for promotion was the successful independent investigation of two or more complex cases.

47. The correct standard to decide this case is whether Patterson should have been promoted pursuant to the terms of the Settlement Agreement at any time before March 6, 2005.

48. Again, the attached chart (Exhibit 1) indicates how the promotion pattern in the Dallas office of the Agency has discriminated against Patterson on a continuous and regular basis since she has taken advantage of the EEOC process.

49. For the reasons states above, Complainant requests the Court to hold that the Agency breached the Settlement Agreement with Patterson before she was promoted to Grade 12 on March 6, 2005.

50. As a result of this breach, Patterson has been damaged and requests the following remedial measures:

a. Loss of salary/income for failure to be promoted pursuant to the terms of the Settlement Agreement;

b. Immediate promotion to GS-13 due to missed opportunity for the promotion to GS-13 due to not meeting time in grade;

c. Relocation of Plaintiff to another office in the Department due to hostile work environment; and

d. Exemplary damages awarded for the subsequent hostile work environment.

51. Patterson requests that the Court award her the damages and remedial measures as set out above, her attorney's fees, and such other relief to which she is entitled.

## ATTORNEY'S FEES

52. Patterson incorporates paragraphs 1-51 as is set out verbatim herein.

53. Patterson requests the Court to award reasonable and necessary attorney's fees she has incurred in the prosecution of this matter.

## PRAYER

54. Patterson requests that the Department of Education be required to answer herein.

55. Patterson requests the court to grant all damages and relief, both monetary and non-monetary, which she has requested, and for such other and further relief to which she is entitled

Respectfully Submitted,

**CLARK ASHWORTH MILBY RLLP**

By: ______________________
W. Pruitt Ashworth
State Bar No. 01387100

1401 Elm Street
Suite 3404
Dallas, Texas 75202
(214) 220-1210
(214) 220-1218 Fax

**ATTORNEY FOR TRESLYN PATTERSON**

## PROMOTION PROFILES IN THE DALLAS OFFICE FOR CIVIL RIGHTS

| NAME | DATE STARTED IN DALLAS | DATE PROMOTED TO GS-09 | DATE PROMOTED TO GS-11 | DATE PROMOTED TO GS-12 | AVERAGE MONTHS BETWEEN PROMOTIONS AFTER TIME-IN-GRADE |
|---|---|---|---|---|---|
| **Treslyn Patterson** | 6/21/1998 | 8/15/1999 | 1/26/2003 | 3/6/2005 | |
| Months waited for next promotion after meeting time-in-grade | | 2 months* | 29 months** | 13.5 months** | 14.8 months |
| **Patricia Ellis**[1] | 6/21/1998 | 8/15/1999 | 11/5/2000 | 12/3/2001 | |
| Months waited for next promotion after meeting time-in-grade | | 2 months | 3 months | < 1 month | < 2 months |
| **Sharon Gilmore**[1] | 3/11/2002 | 4/20/2003 | 6/27/2004 | 6/26/2005 | |
| Months waited for next promotion after meeting time-in-grade | | 1 month | 2 months | -1 day | 1 month |
| **Relesia Gray**[1] | 11/8/1998 | 2/27/2000 | 3/11/2001 | 5/19/2002 | |
| Months waited for next promotion after meeting time-in-grade | | 3.5 months | < 1 month | 2 months | 2 months |
| **Bobbie Clayton**[1] | 11/9/1998 | 11/21/1999 | 12/3/2000 | 5/19/2002 | |
| Months waited for next promotion after meeting time-in-grade | | < 1 month | < 1 month | 5 months | < 2 months |
| **Patricia Sinanan**[1] | 11/8/1998 | 11/21/1999 | 4/22/2001 | 6/2/2002 | |
| Months waited for next promotion after meeting time-in-grade | | < 1 month | 5 months[2] | 1 month | 2 months |

* Period waited for promotion prior to any EEO Activity

* * Period waited for promotion after EEO Activity

[1]Employee never sought EEO process

[2]Ms. Sinanan was not only promoted during this period (between 11/21/1999 and 4/22/2001) but her grade and series was converted during this period from GS-1810-09 to GS-0360-11 which required the establishment of a new position

INFORMATION TAKEN FROM THE SWORN AFFIDAVIT OF MS. DIANA MAYS, HUMAN RESOURCES DEPARTMENT OF EDUCATION

EXHIBIT 1