IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| Treslyn C. Patterson, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 08-6C |
| | ) | (Judge Hodges) |
| UNITED STATES, | ) | |
| Defendant. | ) | |

**DEFENDANT'S MOTION TO DISMISS**

Pursuant to Rule 12(b)(6) of the Rules of the United States Court of Federal Claims ("RCFC"), defendant respectfully requests that the Court dismiss plaintiff's complaint upon the grounds that the complaint fails to state a claim upon which relief can be granted. In support of our motion, we rely upon plaintiff's complaint, our brief and its attachment[1]

**DEFENDANT'S BRIEF**

**STATEMENT OF THE ISSUES**

1. Whether plaintiff's complaint fails to state a claim upon which relief can be granted because the settlement agreement at issue does not provide for monetary damages in the event of a breach.

[1] Specifically, we attach the settlement agreement between plaintiff and the Department of Education which is at issue in this action. Although Ms. Patterson did not attach the settlement agreement to her complaint, when ruling upon a 12(b)(6) motion to dismiss the Court must consider all documents attached to the complaint, as well as the complaint itself,. See RCFC 10(c) ("A copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes."); Tellabs, Inc. v. Makor Issues & Rights, Ltd., 127 S. Ct. 2499, 2509 (2007) ("courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.") (citation omitted).

2. Whether plaintiff's complaint fails to state a claim upon which relief can be granted because plaintiff has agreed to resolve disputes concerning alleged noncompliance with the settlement agreement pursuant to the procedures set forth in 29 C.F.R. § 1614.504, which does not include recourse to the Court of Federal Claims.

## STATEMENT OF THE CASE[2]

### I. Nature Of The Case

Plaintiff, Treslyn C. Patterson, claims that the Government breached an Equal Employment Opportunity ("EEO") settlement agreement that she entered into with the United States Department of Education ("DOE" or "Department"). See Compl. ¶ 21-42. Ms. Patterson alleges that the Government breached the settlement agreement by not promptly promoting her from GS-11 to GS-12. Id. Specifically, she alleges that the Government failed to comply with the provision of the settlement agreement that provided that "all standard operating procedures will apply when and how complainant will be eligible for her advancement to her next career ladder promotion to grade 12," when she was eligible for promotion in December, 2004, but was not promoted until March, 2005. Id. Ms. Patterson seeks the loss of income for not having been promptly promoted, immediate promotion to GS-13, relocation to another office within the Department and "exemplary damages for the subsequent hostile work environment." Compl. ¶ 50.

---

[2] For the purposes of this motion only, we assume that the facts stated in the complaint are true. Should our motion be denied, we reserve the right to contest the facts alleged in the complaint.

## II. Statement Of Facts

Ms. Patterson was employed as an Equal Opportunity Specialist, GS-11, in the Department's Office of Civil Rights, Dallas, when she filed an action against the Department alleging discrimination based on race, sex, mental disability, physical disability and reprisal. Settlement Agreement between Ms. Treslyn Patters and the Department of Education ("Settlement Agreement") at pg. 2, attached to this brief at Exhibit A. The Department responded by entering into the settlement agreement with Ms. Patterson. Compl. ¶ 6. Among other provisions not at issue in this action, the settlement agreement provided that "[a]ll standard operating procedures will apply to when and how the complainant will be eligible for advancement to her next career ladder." Compl. ¶ 8, Settlement Agreement ¶ 1b. The settlement agreement also provided that any alleged breach of the agreement by the Department would be governed by the terms of 29 C.F.R. § 1614.504. Settlement Agreement ¶ 6.

Ms. Patterson was eligible for promotion to grade GS-12 on December 5, 2004. Compl. ¶ 22. She was not promoted to GS-12 until March 6, 2005. Compl. ¶ 42, Ms. Patterson alleges that the Department's failure to timely promote her constituted a breach of the Settlement Agreement. Compl. ¶ 43-36.

On February 3, 2005, Ms. Patterson filed a complaint for breach of the Settlement Agreement with the Department's EEO Office. Compl. ¶ 12. After submissions by both parties, EEO issued a final agency decision ("FAD") on March 16, 2005, stating that the Department had breached the Settlement Agreement. Compl. ¶ 13. Subsequently the EEO office rescinded the FAD, stating that it did not have authority to issue a monetary award. Compl. ¶ 16. On July 13,

2005, Ms. Patterson filed an appeal of EEO's March 16, 2005 decision rescinding the FAD. Compl. ¶ 17.

On March 21, 2005, the Equal Employment Opportunity Commission ("EEOC") issued an opinion denying Ms. Patterson's appeal, and on June 7, 2006 denied her motion for reconsideration in this matter. Compl. ¶ 18. The EEOC held that the Department had not breached the Settlement Agreement, and directed Ms. Patterson to file a cause of action within 90 days of the receipt of the denial in the federal district court in which she lived and in which the actions of which she complained arose. Id. On August 31, 2006, Ms. Patters filed an action in federal district court in Texas. Compl. ¶ 19. The Government moved to dismiss the case for lack of subject matter jurisdiction. Compl. ¶ 19. The district court dismissed the action, and the dismissal was affirmed by the United States Court of Appeals for the Fifth Circuit. Compl. ¶ 20. Plaintiff filed an action in this Court on January 2, 2008.

## ARGUMENT

### I. Standard Of Review

A motion to dismiss for failure to state a claim upon which relief can be granted is appropriate when the facts asserted by the claimant do not under the law entitle him to a remedy. Perez v. United States, 156 F.3d 1366, 1370 (Fed. Cir. 1998). In considering such a motion, the court assumes all well-pled factual allegations as true and makes all reasonable inferences in favor of the non-movant. See id. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v.

Twombly, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). In order to survive a 12(b)(6) motion to dismiss, the complaint must allege "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence" to support the claims. See id. at 1965.

**II. Ms. Patterson's Complaint Fails To State A Claim Upon Which Relief Can Be Granted Because The Contract Does Not Provide For Monetary Damages In The Event Of A Breach**

"To maintain a cause of action pursuant to the Tucker Act that is based on a contract, the contract must . . . entitle the plaintiff to money damages in the event of the government's breach of that contract." Ransom v. United States, 900 F.2d 242, 244 (Fed. Cir. 1990). If the Court cannot award Ms. Patterson monetary damages, then it must also dismiss the rest of her claim, since, in a non-Contract Disputes Act ("CDA") case, the Court cannot award equitable relief absent a monetary award. Phillips v. United States, 77 Fed. Cl. 513, 519 (2007) ("It is well established that this Court does not have the power to grant general equitable relief.") (citing Doe v. United States, 372 F.3d 1308, 1312-14 (Fed. Cir. 2004)); see also 28 U.S.C. § 1491(a)(2) (the Court may, "as an incident and collateral to" a money judgment, grant certain limited equitable relief). Therefore, if Ms. Patterson is not entitled to monetary relief, then her complaint must be dismissed.

Ms. Patterson's complaint must be dismissed if it is not based upon a substantive right in a contract, Constitutional provision, statute or regulation, that can be fairly interpreted as money mandating. Phillips, 77 Fed. Cl. at 517.[3] In this case, the substantive right Ms. Patterson

---

[3] In Phillips, a very similar case, the Court dismissed plaintiff's complaint for lack of subject matter jurisdiction because, although plaintiff was seeking monetary relief, he was not seeking monetary relief pursuant to a provision of the Title VII agreement at issue that could be fairly interpreted as money mandating. 77 Fed. Cl. at 518-19. In two other recent cases, the Court held that it did not possess jurisdiction to entertain suits alleging breach of a Title VII

identifies does not entitle her to money damages. Ms. Patterson does not allege that the Government failed to pay any money due pursuant to the settlement agreement. Rather, Ms. Patterson alleges that the Government breached the provision of the settlement agreement that "all standard operating procedures will apply" as to when she would be eligible for promotion. Compl. ¶ 21. However, the settlement agreement does not mandate the payment of money damages in the event of a purported breach of the promotion provision. Rather, the settlement agreement provides that if the Department violates the settlement agreement, the penalties would be as provided in 29 C.F.R. § 1614.504. Settlement Agreement at ¶ 6. That section provides that:

> [i]f the complainant believes that the agency has failed to comply with the terms of a settlement agreement or decision, the complainant shall notify the EEO Director, in writing, of the alleged noncompliance within 30 days of when the complainant knew or should have known of the alleged noncompliance. The complainant may request that the terms of settlement agreement be specifically implemented or, alternatively, that the complaint be reinstated for further processing from the point processing ceased.

29 C.F.R. §1615.504(a). If the EEOC determines that the agency is not in compliance it may "order such compliance or it may order that the complaint be reinstated for further processing from the point processing ceased." 29 C.F.R. §1614.504(c). Accordingly, several other courts have held that monetary damages are generally not available for breach of a Title VII settlement

---

settlement agreement upon similar grounds. See Schnelle v. United States, 69 Fed. Cl. 463 (2006); Griswold v. United States, 61 Fed. Cl. 458 (2004); but see Taylor v. United States, 73 Fed. Cl. 532 (2006); Stovall v. United States, 71 Fed. Cl. 696 (2006); Westover v. United States, 71 Fed. Cl. 635 (2006). In light of the Government's arguments before the district court and D.C. Circuit that this Court has exclusive jurisdiction to entertain Ms. Patterson's claim, the Government has not brought a jurisdictional challenge at this time. However, the Court may, of course, examine its own jurisdiction. Taylor, 73 Fed. Cl. at 538 ("the court cannot disregard the obligation to examine its own jurisdiction.") (citing View Eng'g, Inc. v. Robotic Vision Sys., Inc. 115 F.3d 962, 963 (Fed. Cir. 1997)).

agreement. Frahm v. United States, 492 F.3d 258 (4th Cir. 2007)); Lindstrom v. United States, 510 F.3d 1191, 1194 (10th Cir. 2007); Morley v. Potter, No. C-04-5211FDB, 2005 WL 2406161, at *4 (W.D. Wash. Sept.29, 2005).[4]

As such, Ms. Patterson's requests for monetary damages should be dismissed because the settlement agreement does not provide for monetary damages in event of a breach of the promotion provision. Settlement Agreement at ¶ 1a. Furthermore, it is well settled that, in the absence of monetary relief, this Court cannot provide equitable relief and thus cannot promote Ms. Patterson to a GS-13 or relocate her to another office in the Department. Therefore, we respectfully request that the Court dismiss Ms. Patterson's complaint.

**III. Ms. Patterson's Complaint Fails To State A Claim Upon Which Relief Can Be Granted Because She Agreed To A Specific Dispute Resolution Process In Her Settlement Agreement, Which Does Not Include This Court**

If a contract provides for its own dispute resolution procedure, then this Court may not grant a plaintiff relief for breach of contract. See Doe v. United States, 513 F.3d 1348, 1355 (Fed. Cir. 2008) ("any rights granted to SSA employees by the Agreement that are subject to the

[4] In this regard, the Court's decision in Stovall, 71 Fed. Cl. 696, is distinguishable from the instant case. In Stovall, the Court recognized that a plaintiff's claim must be for money damages, but applied a presumption that damages will be available upon breach of an agreement. Id. at 700 (citing Sanders v. United States, 252 F.3d 1329, 1334 (Fed. Cir. 2001)). In this case, the contractual language is clear that Ms. Patterson's remedies for non-compliance are as provided in 29 C.F.R. § 1614.504, i.e., that the EEOC may "order such compliance or it may order that the complaint be reinstated for further processing from the point processing ceased." Ms. Patterson is not entitled to money damages for the alleged breach of the settlement agreement and, therefore, the "presumption" of damages has been overcome, and her complaint must be dismissed. Also, to the extent that Westover, 71 Fed. Cl. at 639-40, or Taylor, 73 Fed. Cl. at 545, could be read to state that a (non-CDA) contract need not be money-mandating, such decisions contradict established precedent in the Federal Circuit. Ransom, 900 F.2d at 244 ("To maintain a cause of action pursuant to the Tucker Act that is based on a contract, the contract must . . . entitle the plaintiff to money damages in the event of the government's breach of that contract.").

grievance procedure are not rights that an employee can enforce by suit in the Court of Federal Claims.") (citation omitted); Todd v. United States, 386 F.3d 1091, 1094 (Fed. Cir. 2004) ("The [collective bargaining agreement ("CBA")] includes its own enforcement provisions. . . . appellants, in essence, seek to gain the benefit of the CBA, and at the same time, to circumvent the exclusive grievance procedures of the contract."). The Court "must interpret the contract in a manner that gives meaning to all its provisions and makes sense. . . . Thus, if the 'provisions are clear and unambiguous, they must be given their plain and ordinary meaning . . .'" McAbee Constr., Inc. v. United States, 97 F.3d 1431, 1435 (Fed. Cir. 1996) (citations omitted).

As discussed above, Ms. Patterson's settlement agreement states that 29 C.F.R. § 1614.504 "will govern as to the processing of a claim of an alleged breach of an agreement committed by the Agency." Settlement Agreement at ¶ 5. Pursuant to 29 C.F.R. § 1614.504(b), if the complainant is not satisfied with the Department's resolution of the complaint, then she may appeal to the EEOC for resolution of her claim of non-compliance. Nothing in the contract or EEOC regulations provides Ms. Patterson with rights to file a complaint in this Court. The agreement is clear that Ms. Patterson's only forum to resolve her complaint is in the Department, with appeal rights to the EEOC. Therefore, this Court cannot award the relief she seeks and her complaint should be dismissed.

## CONCLUSION

For the foregoing reasons, defendant respectfully requests that the Court dismiss Ms. Patterson's complaint.

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

/s/Kirk T. Manhardt
KIRK T. MANHARDT
Assistant Director

/s/Carrie A. Dunsmore
CARRIE A. DUNSMORE
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
1100 L Street, N.W., 8th Floor
Washington, D.C. 20530
Tel: (202) 305-7576
Fax: (202) 514-8624

April 1, 2008

Attorneys for Defendant

CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of April, 2008, a copy of "Defendant Motion To Dismiss" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/Carrie A. Dunsmore
Carrie A. Dunsmore