IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| TRESLYN C. PATTERSON, | ) | |
| Plaintiff, | ) | |
| | ) | No. 08-6C |
| v. | ) | |
| | ) | (Sr. Judge Hodges, Jr.) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS

Plaintiff, Treslyn C. Patterson, respectfully responds to Defendant's Motion to Dismiss and would show the Court the following:

**A. Patterson is properly before the Court of Federal Claims because the Settlement Agreement with the Agency provides Patterson with a monetary relief.**

The Agency is taking the position that the Settlement Agreement does not provide Patterson with any monetary relief. Such is not the case. The Settlement Agreement specifically provides that Patterson has the right to "request that the terms of the settlement agreement be specifically implemented..." There is a measurable amount of damages to which Patterson is entitled for the Agency's failure to promote her in accordance with the terms of the Settlement Agreement. That difference is the amount of money to which she would have been entitled at the higher GS ranking for the time period she was improperly denied a promotion. For the Agency to take the position that no monetary damages can be awarded means that the Settlement Agreement does not provide her with one of the most

tangible elements of damages for its breach. According to how the Court determines the facts, her damages could be the difference in the salary she received versus the salary to which was entitled (and other benefits) for a time period from at least four months to over a year. Additionally, Patterson has also sought attorney's fees in this case.

In the **Phillips v. United States, 77 Fed. Cl. 513 (2007),** which the Agency relies upon, complainant's issue regarding the breach of a settlement agreement was the failure of the government to look for another reassignment job. It is not clear from the pleadings and holding of the case that such a reassignment would have mandated any resulting monetary damages.

In our case, the exact opposite is true. Patterson was to be promoted to a GS-12 job from her GS-11 job on a specific date which would follow "all standard operating procedures." The monetary difference between a GS-11 job and a GS-12 job at the time Patterson should have been promoted until the time she was actually promoted is a very specific amount of money and naturally flows from the failure of the Agency to timely promote her to GS-12 as promised. Also, the additional damages in the form or equitable relief should be available once the monetary damages are calculated. In addition, Patterson seeks attorney's fees in this case.

B. **Patterson followed the procedures set out in the Settlement Agreement and was required to file this action (if she wanted to pursue it) in the Court of Federal Claims pursuant to a decision**

**of the Fifth Circuit. (See Patterson v. Spellings 2007 WL2948663 (5th Cir. 2007)**

When Patterson believed that the Agency had breached the Settlement Agreement, she first used all the avenues available to her through the EEO. When she had exhausted her appeal process in the EEO, she was directed by the EEO to file her action in the federal district court if she wanted to further appeal the decision. She did as instructed. As soon as she filed her action in the federal district court in the Northern District of Texas, the Agency filed a motion to dismiss pursuant to Rule 12(b)(1) saying that the federal district court had no jurisdiction and that the action could only be filed in the Court of Federal Claims under the Tucker Act.

Plaintiff appealed the federal district court's decision to the Fifth Circuit, which concurred with the federal district court in Dallas and held that the action for breach of Settlement Agreement was not proper in the federal district court in Dallas. The Fifth Circuit decision further refused to transfer the case to the Court of Federal Claims, but held that the Court of Federal Claims was the only forum where Patterson's breach of Settlement Agreement claim could be heard.

**C. Equity should dictate that there is a forum for Patterson's appeal of her breach of settlement agreement claim.**

If this Court refuses to allow Patterson to bring her claim in this forum, then she effectively has a claim which cannot be heard in any federal court . If this case is transferred back to the federal district court in Northern District of

Texas, the Fifth Circuit has already held that the federal district court in the Northern District of Texas has no jurisdiction to hear it.

Basically, Patterson has two courts in the federal court system saying that the other forum is the only proper forum for Patterson's case to be heard.

**C. Conclusion**

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendant's Motion to Dismiss and for such other relief to which Plaintiff is entitled.

Respectfully submitted,

**CLARK ASHWORTH MILBY, RLLP**

By: /s/ W. Pruitt Ashworth

W. Pruitt Ashworth

1401 Elm, Suite 3404
Dallas, Texas 75202
(214)220-1210
(214)220-1218 (Telecopy)

ATTORNEYS FOR TRESLYN C. PATTERSON

CERTIFICATE OF FILING

I hereby certify that on this 16th day of June, 2008, a copy of Plaintiff's Response to Defendant's Motion to Dismiss was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ W. Pruitt Ashworth
W. Pruitt Ashworth