**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| Treslyn C. Patterson,<br>Plaintiff,<br>v.<br>UNITED STATES,<br>Defendant. | No. 08-6C<br>(Judge Hodges) |

DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO MOTION TO DISMISS

Pursuant to Rule 12(b)(6) of the Rules of the United States Court of Federal Claims ("RCFC"), defendant, the United States, respectfully submits the following reply to the opposition to our motion to dismiss filed by plaintiff, Treslyn C. Patterson.

Our statement of facts appears in full in our motion to dismiss.[1] Briefly, Ms. Patterson contends that the Government breached a provision of an Equal Employment Opportunity ("EEO") settlement agreement that she entered into with the United States Department of Education ("DOE" or "Department"), alleging that the Government failed to comply with the provision of the settlement agreement that provided that "all standard operating procedures will apply when and how complainant will be eligible for her advancement to her next career ladder promotion to grade 12," when she was eligible for promotion in December, 2004, but was not promoted until March, 2005. Ms. Patterson seeks loss of income for not having been promptly

[1] Although the Government disagrees with Ms. Patterson's characterization of several of the facts surrounding the contract and the alleged breach, such disagreement is not material to the present motion to dismiss. As noted in our initial motion, for the purposes of this motion, we accept as true the factual allegations as set forth in the complaint.

promoted, immediate promotion to GS-13, relocation to another office within the agency and "exemplary damages for the subsequent hostile work environment."

On April 1, 2006, we filed a motion to dismiss Ms. Patterson's claims for failure to state a claim upon which relief can be granted pursuant to RCFC 12(b)(6). Specifically, we established that Ms. Patterson's settlement agreement does not mandate the payment of money damages in the event of a purported breach of the promotion provision. Def. Mot. 5-7. We also established that the Ms. Patterson failed to state a claim because she agreed to a specific dispute resolution in her settlement agreement, which does not include this cause of action. Id. at 7-8.

On June 16, 2006, Ms. Patterson filed a response in opposition to our motion to dismiss. In her response, Ms. Patterson argues that the settlement agreement, which provides her with the right to "request the terms of the settlement agreement be specifically implemented" entitles her to money damages in the form of the difference in salary she would have earned had she been promptly promoted to a GS-12 position. Pl. Br. 1-2. Further, she asserts that in filing this action she was following the procedures outlined in the settlement agreement, and that equitable considerations dictate that there should be a forum for her appeal of her breach of settlement agreement claim. Pl. Br. 2-4. Because Ms. Patterson's response fails to rebut the Government's arguments in favor of dismissal, we respectfully request that this Court dismiss Ms. Patterson's complaint for failure to state a claim upon which relief can be granted.

## I. Ms. Patterson Fails To State A Claim Because Her Only Remedy Is As Provided In Her Settlement Agreement And Does Not Include The Right To Bring A Separate Cause Of Action

In our motion to dismiss we demonstrated that if a contract provides for its own dispute resolution procedure, this Court may not grant a plaintiff relief for breach of contract, citing Doe

v. United States, 513 F.3d 1348, 1355 (Fed. Cir. 2008). In this case Ms. Patterson signed a contract, the settlement agreement, which explicitly provided one specific remedy in the event of breach, i.e., to follow the procedures as provided in 29 C.F.R. § 1614.504. Settlement Agreement at ¶ 6. That section provides that:

> [i]f the complainant believes that the agency has failed to comply with the terms of a settlement agreement or decision, the complainant shall notify the EEO Director, in writing, of the alleged noncompliance within 30 days of when the complainant knew or should have known of the alleged noncompliance. The complainant may request that the terms of settlement agreement be specifically implemented or, alternatively, that the complaint be reinstated for further processing from the point processing ceased.

29 C.F.R. §1615.504(a). If the EEOC determines that the agency is not in compliance it may "order such compliance or it may order that the complaint be reinstated for further processing from the point processing ceased." 29 C.F.R. §1614.504(c).

As explained in our motion to dismiss, under 29 C.F.R. § 1614.504(a), a Federal sector employee-complainant such as Ms. Patterson is therefore limited in her remedies when she alleges a breach of a Title VII agreement to the administrative remedies provided in that regulation. The regulation provides that an employee must notify the agency of alleged noncompliance if she wishes to dispute an agency's compliance with an Title VII settlement agreement. 29 C.F.R. § 1614.504. If the employee is not satisfied with the agency's resolution of her dispute, she may appeal to the EEOC for a determination as to whether the agency has complied with the terms of the settlement agreement. 29 C.F.R. §§ 1614.401(e), 1614.504(b).

As we discussed in our motion to dismiss, this Court has recognized that the only remedy for a breach of a Title VII settlement agreement is either that the terms of the settlement agreement be specifically implemented or that the origianl complaint be reinstated. See Phillips v. United States, 77 Fed. Cl. 513, (2007); Schnelle v. United States, 69 Fed. Cl. 463, 467 (2006);

Lee v. United States, 33 Fed. Cl. 374, 380-81 (1995); but see Greenhill v. United States, 81 Fed. Cl. 786, 792 (2008). Moreover, other Federal courts have held that the 29 C.F.R § 161.504 administrative process is a plaintiff's only remedy for breach of a Title VII settlement action. See Lindstrom v. United States, 510 F.3d 1191, 1194 (Holding that "clearly" 29 C.F.R § 161.504(a) "does not permit [a federal employee] to sue in to sue in federal court to enforce his settlement agreement" and that "[t]he regulation does not authorize a suit to enforce the settlement agreement but rather only the reinstatement of the original discrimination complaint."); see also Frahm v. United States, 492 F.3d 258, 263 (4th Cir. 2007) (29 C.F.R. 1614.504(a) only permits a federal employee-complainant to elect one of two options - either request specific performance or reinstatement of the complaint-and that no other options are available.)[2] But see Munoz v. England, — F.Supp.2d —, 2008 WL 723596 at *13 (D. Hawaii 2008) (holding that plaintiff may bring a separate cause of action, but that such an action is limited to specific performance of the contract "[b]ecause the regulations do not contemplate that Plaintiff may receive money damages or equitable relief for his breach of settlement agreement claim.")[3]

In this case Ms. Patterson agreed to address any purported breach within the procedures outlined in 29 C.F.R. §1614.504. Ms. Patterson followed those procedures, and the EEOC

---

[2] Although these cases were decided on the ground that plaintiff had failed to properly assert subject matter jurisdiction, the same reasoning applies to our argument that Ms. Patterson has failed to state a claim upon which relief may be granted. Because the settlement agreement provides that the only remedy is an appeal to the EEOC, and not a separate cause of action, Ms. Patterson's complaint fails to state a claim upon which relief may be granted in this Court.

[3] As discussed above, that such a rule would also bar Ms. Patterson's claim in the Court of Federal Claims because she would fail to state a cause of action pursuant to the Tucker Act.

issued an opinion denying Ms. Patterson's appeal, and denied her motion for reconsideration in this matter. Compl. ¶ 18. Ms. Patterson's arguments about the concerns of equity notwithstanding, she is not entitled to bring a separate cause of action to enforce this action. Her complaint should, therefore, be dismissed.

## II. Ms. Patterson's Complaint Fails To State A Claim Upon Which Relief Can Be Granted Because The Contract Does Not Provide For Monetary Damages In The Event Of A Breach

In our motion to dismiss we also demonstrated that Ms. Patterson failed to state a claim because her contract does not provide for monetary damages in the event of a breach. Ms. Patterson does not allege that the Government failed to pay any money due pursuant to the settlement agreement. Rather, she alleges that the Government breached the provision of the settlement agreement that "all standard operating procedures will apply" as to when she would be eligible for promotion. However, the settlement agreement does not mandate the payment of money damages in the event of a purported breach of the promotion provision. Instead, as discussed above, it provides that the parties are bound by the provisions in 29 C.F.R §1614.504, e.g., that "[t]he complainant may request that the terms of the settlement agreement be specifically implemented or, alternatively, that the complaint be reinstated for further processing from the point processing ceased." 29 C.F.R. § 1614.504. When EEOC settlement agreements contain reference to EEOC regulations governing remedies, monetary damages are generally not available for breach of a Title VII settlement agreement. See Schnelle, 69 Fed. Cl. at 467 (stating that "[t]he settlement agreements at issue do not mandate the payment of monetary compensation by the government to the plaintiff for a breach of the agreements. Rather, the settlement agreements provide that, in the case of non-compliance with the agreements, the

plaintiff may request compliance with the agreements or reinstatement of the EEOC complaints.") But see Greenhill, 81 Fed. Cl. at 790.

Ms. Patterson's argument that she is entitled to the monetary damages that would constitute the difference between the GS-11 salary she was earning and a GS-12 salary is unavailing. Her remedy in this matter is not the alleged difference in salary, but rather compliance with the agreement or reinstatement of the EEOC complaint. Neither remedy entitles her to money damages, and thus she has not stated a proper cause of action under the Tucker Act.[4]

## CONCLUSION

For these reasons, the United States respectfully requests this Court to dismiss plaintiff's complaint for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted.

Respectfully submitted,

GREGORY G. KATSAS
Assistant Attorney General

JEANNE E. DAVIDSON
Director

/s/ Kirk T. Manhardt
KIRK T. MANHARDT
Assistant Director

[4] Moreover, in order to grant either of those remedies, the Court would have to address the underlying merits of a Title VII action, which is outside of this Court's jurisdiction.

/s/ Carrie A. Dunsmore
CARRIE A. DUNSMORE
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
1100 L Street, N.W., 8th Floor
Washington, D.C. 20530
Tel: (202) 305-7576
Fax: (202) 514-8624

July 16, 2008

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on this 16th day of July, 2008, a copy of the foregoing "DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO MOTION TO DISMISS" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/Carrie A. Dunsmore
Carrie A. Dunsmore