# In the United States Court of Federal Claims

No. 08-6C
Filed: November 5, 2008

```
*   *   *   *   *   *   *
TRESLYN C. PATTERSON              *
        Plaintiff,                *    Rule 12(b)(6); Title VII
                                       Settlement Agreement;
        v.                        *    Substantive Right to
UNITED STATES OF AMERICA,              Money Damages
                                  *
        Defendant.
                                  *
*   *   *   *   *   *   *
```

*W. Pruitt Ashworth*, Dallas, Texas, for plaintiff.

*Carrie A. Dunsmore*, United States Department of Justice, Civil Division, Commercial Litigation Branch, Washington, D.C., for defendant.

## OPINION AND ORDER

Plaintiff filed a complaint alleging breach of a settlement agreement arising from her claim of workplace discrimination. The issue before this court is defendant's motion to dismiss for failure to state a claim. We deny defendant's motion for the reasons set forth below.

### BACKGROUND

Plaintiff is as an Equal Opportunity Specialist in the Dallas office of the Department of Education. She filed a Title VII action in April 2002, alleging workplace discrimination based on race, sex, mental disability, physical disability, and reprisal. *See* 42 U.S.C. § 2000e *et seq.* (2000). The Department settled plaintiff's claim for $ 40,000 and the assurance that it would follow normal procedures in considering future raises.

The September 2003 settlement agreement provides that "[a]ll standard operating procedures will apply to when and how the complainant will be eligible and considered

for advancement to her next career ladder promotion to grade 12." Compl. ¶ 8. The agreement also states that any alleged breach by the Department would be resolved by an EEOC administrative appeal procedure. *See* 29 C.F.R. § 1614.504.

Plaintiff filed a second complaint with the Department's Equal Employment Office in February 2005, alleging that a one-year delay in her promotion breached the settlement agreement. The Equal Employment Office initially agreed that the Department of Education had breached the settlement agreement; it granted Ms. Patterson a monetary award in March 2005. Later, the EEO rescinded that award on the grounds that it did not have authority to award money damages. Ms. Patterson appealed to the EEOC. The EEOC ruled that plaintiff had not shown she was qualified for the grade increase and denied her appeal in March 2006.

Plaintiff filed a complaint in the Northern District of Texas. The district court dismissed her claim for lack of subject matter jurisdiction, holding that the Court of Federal Claims was the only forum with jurisdiction to hear plaintiff's claim for breach of a settlement agreement. The Fifth Circuit affirmed. *Patterson v. Spellings*, 249 F. App'x 993 (5th Cir. 2007). The basis for the Fifth Circuit's decision was that plaintiff had alleged only a breach of contract, not a Title VII claim

Ms. Patterson sued in this court for breach of her settlement agreement. The Government asserts that the complaint does not establish a claim because the settlement agreement does not contemplate monetary damages for its breach. It also argues that plaintiff's contract forecloses judicial review because it mandates an administrative dispute process.

DISCUSSION

A complaint fails to state a claim upon which relief may be granted when the facts asserted do not entitle plaintiff to a legal remedy. *Perez v. United States*, 156 F.3d 1366, 1370 (Fed. Cir. 1998). *See also Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007) (stating that "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)").

Defendant contends that plaintiff fails to state a claim because the settlement agreement does not provide money damages for its breach. *See Ransom v. United States*, 900 F.2d 242, 244 (Fed. Cir. 1990) (holding that a contract must "entitle the plaintiff to money damages in the event of the government's breach of that contract"); *Phillips v. United States*, 77 Fed. Cl. 513, 518-19 (2007) (dismissing a claim for breach of a Title

VII settlement agreement because contract provisions could not be read to require the payment of money for their breach).

Money damages are the default remedy for breach of contract. *San Juan City College v. United States*, 391 F.3d 1357, 1361 (Fed. Cir. 2004). The law presumes that damages will be available for breach of a contract by the Government. *Id*.; *see also Sanders v. United States*, 252 F.3d 1329, 1334 (Fed. Cir. 2001) (stating that "in the area of government contracts . . . there is a presumption in the civil context that a damages remedy will be available upon the breach of an agreement"); *Taylor v. United States*, 73 Fed. Cl. 532, 545 (2006) (noting that the "contract itself does not need to be money-mandating because money damages are the default remedy for a breach of contract."). *But see, e.g.*, *Phillips,* 77 Fed. Cl. at 518-19 (holding that breach of a duty to seek reassignment for plaintiff did not "create a substantive right to money damages").

*Phillips* involved a settlement agreement that resulted from a Title VII discrimination claim, as here. 77 Fed. Cl. at 514. However, the provision allegedly breached was the Agency's promise to attempt to find plaintiff a position with advancement potential in a different division within the agency. The trial court held that the promise to seek reassignment could not be "construed to create a substantive right to money damages." *Id.* at 519. Ms. Patterson seeks damages for the Agency's alleged breach of a promise that "[a]ll standard operating procedures will apply to when and how the complainant will be eligible for advancement to her next career ladder promotion to grade 12." Compl. ¶ 8. Thus, the remedy in this context is money. Plaintiff's damages would be the difference between what she was paid and what she would have been paid had she been promoted earlier.

The Government argues that the administrative procedure referenced in the settlement agreement is the exclusive remedy available to plaintiff for breach of her settlement agreement. *See Doe v. United States*, 513 F.3d 1348, 1355-56 (Fed. Cir. 2008) (holding that a procedure established by collective bargaining agreement was the exclusive process available to employees where the dispute was "grievable").

The *Doe* court held that rights granted to government employees by a collective bargaining agreement "that are subject to the grievance procedure are not rights that an employee can enforce by suit in the Court of Federal Claims." *Id.* at 1355. In *Doe*, the grievance process was the "exclusive procedure available" to employees covered by the agreement. *Id*. This precluded all access to the federal courts for redress.

The settlement agreement in this case provides that federal regulations would "govern as to the processing of a claim of an alleged breach of the agreement by the

Agency."[1]  *See* 29 C.F.R. § 1614.504.[2]   These are procedural matters that do not exclude an employee's access to federal courts.  *See Greenhill v. United States,* 81 Fed. Cl. 786, 792 (2008) (distinguishing the administrative dispute resolution process in a Title VII settlement agreement from the collective bargaining agreement in *Doe*).  The settlement agreement in *Greenhill* stated that the plaintiff "must" pursue its complaint with the agency's Equal Employment Office and follow the process detailed in 29 C.F.R. § 1614.504.  *Id.*  The court held that this provision did not preclude an action for damages in this court because the mandatory language applied only if the plaintiff chose to pursue its claim administratively.  *Id*.

CONCLUSION

Plaintiff's breach of contract claim falls within our Tucker Act jurisdiction.  Ms. Patterson's allegations exceed the level of mere speculation, and they state a claim upon which relief may be granted.

The administrative process is not plaintiff's exclusive remedy in this case.  The settlement agreement instructs plaintiff that an administrative claim must be pursued according to the federal regulation cited, if she chooses to pursue her claim administratively.  It does not foreclose an action in this court.

Defendant's motion to dismiss for failure to state a claim is DENIED.  The parties will contact chambers to jointly propose a time for a status conference to take place during the week of November 10 to discuss further proceedings in this case.

                                             s/Robert H. Hodges, Jr.
                                             Robert H. Hodges, Jr.
                                             Judge

---

[1] Although the settlement agreement was not attached to the complaint, the court must consider documents incorporated by reference when ruling on a Rule 12(b)(6) motion to dismiss.  *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 127 S. Ct. 2499, 2509 (2007).  Plaintiff includes excerpts from the settlement agreement in the complaint.

[2] 29 C.F.R. § 1614.504(a) provides that: "If the complainant believes that the agency has failed to comply with the terms of a settlement agreement or decision, the complainant shall notify the EEO Director, in writing, of the alleged noncompliance within 30 days of when the complainant knew or should have known of the alleged noncompliance."  Complainants may then file an appeal with the EEOC if unsatisfied with the agencies resolution of the alleged noncompliance.  29 C.F.R. § 1614.504(b).